# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| FOOD AND WATER WATCH, *et al.*,<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>*Respondents*. | Case No. 22-1253<br>(consolidated with<br>Case No. 23-1092) |

## UNCONTESTED MOTION TO GOVERN AND CONTINUE ABEYANCE

Respondents United States Environmental Protection Agency and Lee Zeldin[1] ("EPA") move to keep these consolidated cases in abeyance with motions to govern due by May 26, 2025, or three weeks after EPA's final permitting decision, whichever is soonest. This motion is unopposed. In support of this motion, EPA states:

1. Petitioners in these consolidated cases challenge EPA's issuance of National Pollutant Discharge Elimination System Permit No. FL0A00001 ("the Permit") under the Clean Water Act. The Permit authorizes Ocean Era, Inc. to

---

[1] Administrator Zeldin is substituted for former Administrator Michael S. Regan pursuant to Federal Rule of Appellate Procedure 43(c)(2).

discharge pollutants from an offshore aquaculture facility in the Gulf of Mexico[2] subject to effluent limitations, monitoring requirements, and other conditions set forth in the Permit.

2. In July 2023, Ocean Era, Inc. submitted a modification request to EPA seeking to change the fish species and pen design authorized by the Permit. EPA moved for a partial remand without vacatur to consider the request and conduct any necessary administrative proceedings. ECF No. 2017650.

3. On December 7, 2023, the Court granted EPA's request, holding the rest of the case in abeyance pending remand proceedings with status reports due every 90 days. ECF No. 2030370. The Court directed the parties to file motions to govern proceedings the earlier of either the completion of remand proceedings or December 7, 2024. *Id.*

4. As documented in EPA's status reports, EPA has been diligently considering the modification request and performing the necessary administrative processes. On October 24, 2024, EPA noticed a draft modified permit for a 30-day

---

[2] On January 20, 2025, President Trump issued an executive order directing that "[t]he area formerly known as the Gulf of Mexico" be renamed as the "Gulf of America." Exec. Order No. 14172, 90 Fed. Reg. 8629 (Jan. 20, 2025). Because the existing permit references the Gulf of Mexico, we continue to use that name when referring to that permit. *See Daniels v. Exec. Dir. of Fla. Fish & Wildlife Conservation Comm'n*, 127 F.4th 1294, 1299 n.1 (11th Cir. 2025).

public comment period and informed Petitioners that the draft was available for review. Exhibit 1, Declaration of Kip Michael Tyler ("Tyler Decl.") ¶ 9.

5. The public comment period on the draft modified permit closed on November 25, 2024. *Id.* EPA is in the final stages of reviewing all comments and completing a document that responds to the significant comments. *Id.*

6. On November 20, 2024, EPA initiated informal consultation with the National Marine Fisheries Service ("the Service") under the Endangered Species Act. *Id.* ¶ 10; *see also* 50 C.F.R. § 402.16(a)(2) and (a)(3) (requiring reinitiation of consultation if "new information" or a "subsequently modified action" demonstrates effects on listed species or critical habitat that were not previously considered); *see also* ECF No. 2087453, Ex. 1 ¶ 10. About a month later, EPA revised its informal consultation request with the Service. Tyler Decl. ¶ 10. On January 21, 2025, the Service provided a letter of concurrence under ESA Section 7, which it revised on February 18, 2025. *Id.* The revised letter concerns the Fish and Wildlife Conservation Act and provides additional clarification regarding the ESA. *Id.*

7. As the Court is aware, a new administration took office on January 20, 2025. Thus, EPA is undergoing a transition of leadership that requires additional briefing of pending agency actions, like the draft modified permit at issue here. *Id.*

3

¶ 11.  EPA anticipates that additional briefing of this matter may take 30 to 60 days. *Id.*

8. Based on the totality of the circumstances, EPA expects to make a final decision regarding the permit modification request by May 15, 2025. *Id.* ¶ 12.

9. Therefore, EPA seeks a further abeyance to conserve the Court's and the parties' resources while EPA concludes the administrative process on remand. Although EPA cannot predict the outcome of the remand, if EPA issues a modified permit, claims against the portions of the original permit that are no longer applicable and/or replaced would become moot. Extending the abeyance would avoid piecemeal litigation allowing the parties to adjudicate all challenges to the permit at one time, and continuing to preserve Petitioners' rights to challenge the portions of the permit that are not subject to modification.  For these reasons, EPA asks that these cases remain in abeyance while EPA finalizes the permit decision, with motions to govern due by the sooner of May 26, 2025 or three weeks after EPA's final permitting decision.

10. Counsel for Respondents conferred with counsel for the other parties. The parties to all cases do not oppose the relief requested in this motion.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*s/ Lucy E. Brown*
FREDERICK H. TURNER
LUCY E. BROWN
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 305-0641 (Turner)
Tel: (202) 598-1868 (Brown)
Email: frederick.turner@usdoj.gov
Email: lucy.e.brown@usdoj.gov

*Attorneys for Respondents*

Dated: March 24, 2025

# CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on March 24, 2025, I electronically filed the foregoing Uncontested Motion to Govern and Continue Abeyance with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system, which will send notification of such filing to all counsel of record.

This document complies with the length limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), the document contains 775 words by Microsoft Word for Microsoft 365's word count utility.

This document complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)–(6), because it was prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Times New Roman.

*s/ Lucy E. Brown*
Lucy E. Brown
United States Department of Justice

*Attorney for Respondents*